E-FILED
Wednesday, 04 April, 2012 05:14:38 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-30050 |
| | ) | |
| FRANCISCO JAVIER VALDEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Defendant Franciso Javier Valdez's Motion for Modification of the Pre-Sentence Investigation (P.S.I.)/Sentence Based on the Recent Supreme Court Decision of U.S. vs. Simmons (Motion) (d/e 25) and Supplemental Motion per District Court Request (Supplemental Motion) (d/e 26). For the reasons that follow, Defendant's Motion and Supplemental Motion are DENIED.

## I. BACKGROUND

On February 2, 2012, Defendant filed a Motion in which he alleged

that the recent Supreme Court decision in <u>United States v. Simmons</u> "has placed in jeopardy the criminal history points that were accredited to" Defendant in his presentence investigation report (PSR). Specifically, Defendant alleged that <u>Simmons</u> stands for the proposition that "for an offense to be considered under the criminal history category, a sentence must exceed one (1) year and one (1) day in actual incarceration." Defendant then listed three crimes for which he received a sentence of less than one year and one day yet received criminal history points for in his PSR.

On February 8, 2012, this Court entered a Text Order noting that Defendant had not cited to the <u>Simmons</u> case and directing Defendant to file a supplement to his Motion in which he cited to the Supreme Court's "recent" decision in <u>Simmons</u>.

On February 27, 2006, Defendant filed his Supplemental Motion. Defendant's Supplemental Motion directed this Court to <u>United States v. Simmons</u>, 130 S. Ct. 3455 (2010), and <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010).

## II. ANALYSIS

Initially, the Court notes that Defendant has cited to <u>Simmons</u>, 130 S.Ct. 3455 (2010). That citations shows that the Supreme Court, without opinion, vacated the Fourth Circuit Court of Appeals' decision in <u>United States v. Simmons</u>, 340 Fed. Appx. 141 (4th Cir. 2009) in light of <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010).

Defendant erroneously cites <u>Carachuri-Rosendo</u> and <u>Simmons</u> as standing for the proposition that "for criminal history points to be issued, an actual sentence length must exceed one (1) year and one (1) day." <u>See</u> Supplemental Motion at 3. The cases cited stand for no such proposition.

In <u>Carachuri-Rosendo</u>, the United States Supreme Court held that a permanent resident must actually have been convicted of an "aggravated felony" under the Immigration and Nationality Act in order to lose his opportunity to seek cancellation of removal under 8 U.S.C. § 1229b(a)(3). <u>See</u> <u>Carachuri-Rosendo</u>, 130 S. Ct. at 2589. The Court rejected the "hypothetical approach" that "would treat all 'conduct

punishable as a felony' as the equivalent of a 'conviction' of a felony whenever, hypothetically speaking, the underlying conduct could have received felony treatment under federal law." Id. at 2586.

Moreover, as stated, with respect to Defendant's citation to Simmons, the United States Supreme Court vacated the judgment and remanded the case to the United States Court of Appeals for the Fourth Circuit for further consideration in light of Carachuri-Rosendo. See Simmons, 130 S. Ct. at 3455. Simmons cannot be construed to support Defendant's argument, even if the Fourth Circuit's subsequent opinion were to control here. Following remand, the Simmons court held that the sentence enhancements for drug offenses provided for in 21 U.S.C. § 841(b)(1)(B) are only applicable if the defendant has an actual prior felony conviction; a hypothetical conviction based on conduct possibly punishable as a felony will not trigger an enhancement. See United States v. Simmons, 649 F.3d 237, 243–45 (4th Cir. 2011).

Here, the PSR shows Defendant received the criminal history points he complains of pursuant to §§ 4A1.1(b) and 4A.1.1(c) of the

United States Sentencing Guidelines (Guidelines). The cases cited by Defendant do not implicate how criminal history points are calculated under these sections of the Guidelines.

III. CONCLUSION

THEREFORE, Defendant's Motion (d/e 25) and Supplemental Motion (d/e 26) are DENIED.

ENTER: April 3, 2012.

FOR THE COURT:

s/ Sue E. Myerscough  
SUE E. MYERSCOUGH  
United States District Judge